(92 Misc. Rep. 288)

HURLBUT v. CONNOLLY, Borough President, et al.

(Supreme Court, Special Term, Queens County. November, 1915.)

MANDAMUS ⚌107—SALARY OF MUNICIPAL EMPLOYÉS.

    Where, on an application by a veteran exempt fireman, who for several years has been an assistant engineer in the topographical bureau of a borough, for a peremptory writ of mandamus compelling the borough officers to pay him for his services at the rate of $2,100 a year, instead of $1,800, to which amount his salary has been reduced, it appears that the salary allowed by an appropriation contained in the budget for the year, and on which he relied, for any one of the several positions in his grade, had reference to the position, and not to the individual who might be occupying same and performing the duties thereof, the application will be denied.

    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 225, 232, 234; Dec. Dig. ⚌107.]

Application for peremptory writ of mandamus by Francis L. Hurlbut against Maurice E. Connolly, as President of the Borough of Queens, and others. Writ denied.

Paul M. Pelletreau, of New York City, for relator.

Lamar Hardy, Corp. Counsel, of New York City (Edward S. Malone, of New York City, of counsel), for respondents.

MADDOX, J. Petitioner, a veteran exempt fireman, for some years has been an assistant engineer in the engineering service in the topographical bureau of the borough of Queens. He was appointed in 1904 at a salary of $1,500 per year, which was "gradually increased to $2,100 per annum." He continued to receive that salary until about November 19, 1914, when it was "decreased from $2,100 to $1,800 per annum." He has been and is in grade "D" of such service. A previous application by petitioner for a peremptory writ of mandamus, demanding the respondents here to certify, or cause to be certified, the pay roll of petitioner for the payment of services rendered by him as such assistant engineer at the rate of $2,100, was made and denied (152 N. Y. Supp. 426), and upon appeal such denial was affirmed (153 N. Y. Supp. 1120), but with leave to petitioner to renew his motion upon proof that his salary had actually been fixed by the board of aldermen at $2,100 per annum. The budget for the year 1914, allowed by the board of estimate and apportionment, and subsequently adopted by the board of aldermen, contained an appropriation for the salaries of the engineering force in said topographical bureau for 23 assistant engineers at varying rates of compensation per annum, ranging from $1,800 to $4,000. Among them and grouped together were: Assistant engineer, three, at $2,550, $7,650; assistant engineer, eight, at $2,100, $16,800; assistant engineer, three, at $1,-950, $5,850; assistant engineer, five, at $1,800, $9,000; and the remaining four, one at $2,250, one at $2,850, one at $3,000, and one at $4,000. It will be seen that the individual names are not given, and that a fair reading of the language of the appropriation as it appears in the answering affidavit is that each position shall carry the salary

as therein fixed; that is $16,800 was appropriated for the salaries of eight assistant engineers, whoever they may be, at $2,100 each. True, it appears from petitioner's papers that he had, up to November, 1914, been one of the eight assistant engineers each receiving a salary of $2,100 per annum.

Upon examination of the papers on the previous application, I find that the engineering service in said topographical bureau had been graded by the civil service commission according to the annual compensation of those engaged therein, and that in grade "D" the compensation was $1,800 per annum, and the next higher, grade "E," was $2,400 annually or over. Thus, if that were to obtain here, the minimum salary of grade "D" was $1,800 annually, and the minimum salary of grade "E" was $2,400 per annum. But inquiry here must be limited, as provided by the Appellate Division, to prove that his salary had actually been fixed by the board of aldermen at $2,100. From the foregoing it is clear, I take it, that the salary allowed by such appropriation for any one of such several positions was not thereby fixed as the salary of an individual, but was the compensation for services in such positions respectively. The rate of compensation so fixed had reference to the position, not to the person who for the time being, whether the tenure be long or short in duration, occupied the position and performed the services required therein.

Motion for a peremptory writ of mandamus is denied, with $10 costs.